IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,902-01




EX PARTE JOSEPH ANDREW GODWIN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 054895-A IN THE 15TH JUDICIAL DISTRICT COURT
FROM GRAYSON COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of five counts of
aggravated sexual assault of a child and sentenced to fifty years’ imprisonment. The Fifth Court of
Appeals affirmed his conviction. Godwin v. State, No. 05-07-00714-CR (Tex. App. – Dallas,
August 29, 2008, pet ref’d).
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to investigate and interview witnesses, failed to object to expert testimony as to the
truthfulness of the complainant, and failed to present favorable evidence in his possession which
would have supported the defense. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s trial counsel with the opportunity to respond to Applicant’s claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether the State’s expert witness testified
as to the truthfulness of the complainant, and if so, whether trial counsel objected. If trial counsel
did not object, the trial court shall make findings as to why not. The trial court shall make findings
as to whether counsel was in possession of an audio recording in which the complainant’s mother
admitted to fabricating the charges against Applicant, and as to whether counsel was in possession
of a video recording of the complainant’s brother in which he stated that the incident could not have
happened as alleged because he was present at the time. The trial court shall make findings as to
whether counsel presented this evidence at trial, and if not, why not. The trial court shall make
findings as to whether the performance of Applicant’s trial attorney was deficient and, if so, whether
counsel’s deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: November 17, 2010
Do not publish